Case 4:25-cv-06142   Document 15   Filed 01/14/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELIZA CHAVARRIA QUIROZ, § | |
| § | |
| Petitioner, § | |
| v. § | CIVIL ACTION NO. H-25-6142 |
| § | |
| MARTIN FRINK, *et al.*, § | |
| § | |
| Respondents. § | |

**ORDER**

The petitioner, Meliza Chavarria Quiroz, is a 47-year-old native and citizen of Mexico who was detained by U.S. Immigration and Customs Enforcement at the Houston Processing Center. (Docket Entry No. 2 ¶ 1). She had been detained since June 25, 2025. (Docket Entry No. 1 at 1). Though she has been in this country without status for over a decade, she has no criminal history; she operates a business; and she pays her Federal Income Taxes. The government arrested her when she complied with the law governing applications to remain in this country by appearing at an appointment with immigration officials to pursue her grounds for relief. She has the protection of orders precluding her from being deported to Mexico because of severe threat to her safety were she to return there.

Through counsel, Quiroz filed a petition for a writ of habeas corpus and an application for a temporary restraining order barring her removal based on an existing order prohibiting her removal to Mexico and on her due-process right to object to removal to a different foreign country. (*See generally* Docket Entry No. 2). This court granted the motion and entered a temporary restraining order requiring her release and enjoining her deportation until she has been afforded due process on a proposed third-country removal. (Docket Entry No. 8 at 2).

The government then responded to the habeas petition and moved for summary judgment. (Docket Entry No. 11). It argues that Chavarria Quiroz was properly detained under a final removal order entered on November 12, 2025, because 8 U.S.C. § 1231 requires the detention of aliens subject to a final removal order for a 90-day period after the order is entered. (*Id.* at 3–4). Chavarria Quiroz responds that, because she has been in custody since June 2025, *Zadvydas v. Davis*, 533 U.S. 678 (2001), requires her release. (*See* Docket Entry No. 14).

The government's argument is correct. Federal law requires the government to detain removable aliens for 90 days after a final removal order is entered. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). The "finality of the removal order shifts the statutory basis of Petitioner's detention." *Ndudzi v. Perez*, 490 F. Supp. 3d 1176, 1182 (S.D. Tex. 2020). As a result, a final removal order moots issues about a petitioner's previous detention. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (per curiam) (holding that the petitioner's claims challenging his detention before a final removal order were moot after his removal order became final).

*Zadvydas* does not apply because it concerns "[a]n alien's *post-removal-period detention*." *Misirbekov v. Venegas*, 796 F. Supp. 3d 436, 438 (S.D. Tex. 2025) (emphasis added) (citing *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001)). *Zadvydas* explained the relationship between an alien's detention and his or her release:

> While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody. Subsequently, as the post-removal-period statute provides, the Government "may" continue to detain an alien who still remains here or release that alien under supervision.

*Zadvydas*, 533 U.S. at 683 (internal citations omitted). Chavarria Quiroz is currently in the mandatory 90-day detention period. (*See* Docket Entry No. 11-2 at 5).

2

Chavarria Quiroz argues that, under *Zadvydas*, the six-month cumulative-detention deadline controls, even during the mandatory-detention period. The court disagrees. The logic driving *Zadvydas* was that "post-removal-period detention, unlike detention pending a determination of removability or during the subsequent 90–day removal period, has no obvious termination point." 533 U.S. at 697. The Court established the six-month period of presumptively lawful post-deportation-order detention by drawing on statutes that "permitted, but did not require, post-deportation-order detention for up to six months," *id.* at 698, and that required review of an ongoing post-deportation-order detention every six months, *see id.* at 697. *Zadvydas* does not undermine the lawfulness of mandatory detention during the 90 days after a removal order is entered. *See Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) (holding that "an alien ordered removed . . . cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed."); *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 6003485, at *10 (W.D. La. Oct. 15, 2019) ("An alien is not entitled to habeas relief under *Zadvydas* before the removal period has expired."), *report and recommendation adopted*, No. 1:19-CV-670-P, 2019 WL 6037220 (W.D. La. Nov. 13, 2019).

Although a detained alien may not make a *Zadvydas* claim until after the mandatory-detention period ends, an alien may make such a claim as soon as that occurs. *See, e.g.*, *Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG (HJB), 2025 WL 3534806, at *4 (W.D. Tex. Nov. 24, 2025) (recognizing that a petitioner may prevail on a *Zadvydas* claim even during the presumptively lawful six-month detention period), *report and recommendation adopted*, No. SA-25-CV-00886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025); *Zavvar v. Scott*, No. CV 25-2104-TDC, 2025 WL 2592543, at *6 (D. Md. Sept. 8, 2025) (same). As a result, Chavarria Quiroz's claims are not unfounded; they are just premature.

The court grants in part and denies in part the respondents' motion for summary judgment, (Docket Entry No. 11), and lifts the previous temporary restraining orders, (Docket Entry Nos. 8, 13). Chavarria Quiroz's petition is dismissed, without prejudice. She may renew her claims of unlawful detention when her 90-day mandatory detention period ends, on February 10, 2026. Until then, the government may lawfully detain her. If the government chooses to do so, it must inform Chavarria Quiroz and her counsel of the detention facility to which she must report. After Chavarria Quiroz and her counsel receive such notice, Chavarria Quiroz must self-report to the chosen detention facility within 72 hours. While Chavarria Quiroz is in custody, the government must not remove her from the continental United States until she has been afforded due process on a third-country removal.

SIGNED on January 14, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge